CUSANO SMITH PLLC
GARY A. CUSANO (NYS BAR NO.:2264166)
483 CHERRY STREET
BEDFORD HILLS, NEW YORK 10507
T: (914) 864-1400
F: (914) 613 0222
E: GCUSANO@CUSANOSMITH.COM
*Attorney for Plaintiff: John Arendes*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------X
JOHN ARENDES,

                        Plaintiff,          Case No.

   -against-

UNITED AIRLINES INC.

                        Defendant
-----------------------------------------------------------X

      Plaintiff, JOHN ARENDES, ("Arendes" or "Plaintiff"), who resides at 508 Toleman Road, Rock Tavern, New York, 12575, by way of this Complaint against Defendant, United Airlines Inc., ("United" or "Defendant"), hereby says:

## NATURE OF ACTION

    1.     This is a civil action for personal injuries suffered by Plaintiff, JOHN ARENDES, against Defendant, UNITED AIRLINES INC.  This action arises out of a physical assault which occurred on October 4, 2019, in the County of New York, State of New York, in which a passenger of the Defendant airline assaulted the Plaintiff. The Defendant's negligence was a substantial contributing factor in causing Plaintiff's injuries.

## PARTIES

2. At all times relevant, Plaintiff, John Arendes, was and is a resident of the City of Rock Tavern, County of Orange, State of New York.

3. Defendant, United Airlines Inc is a Delaware corporation, whose principal place of business is Chicago, Illinois. United is an air transportation company, which runs flights throughout North America and the world.

4. United Airlines, Inc. is in the business of domestic and international travel.

5. United Airlines, Inc. was at all times relevant licensed to do business in New York State and was, in fact, transacting business in New York State.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction pursuant to 28 U.S.C § 1332(a)(1) because this is a civil action where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States.

7. Venue is properly set in the Southern District of New York pursuant to 28 U.S.C § 1391(b), since Defendants transacted business within this judicial district. Likewise, a substantial part of the events giving rise to the claim occurred within this judicial district.

8. Plaintiff, Arendes, is a resident of the State of New York for the purposes of diversity jurisdiction under 28 U.S.C. § 1332.

9. Defendant, United Airlines, Inc. is a foreign business corporations organized under the laws of the State of Delaware for the purposes of diversity jurisdiction under 28 U.S.C. § 1332.

10. This court has personal jurisdiction over Defendant pursuant to and consistent with the Constitutional requirements of due process in that Defendant, acting through their agents or apparent agents, committed one or more of the following:

    a. The transaction of any business within the state;
    b. The making of any contract within the state;
    c. The commission of a tortious act within the state; and
    d. The ownership, use, or any possession of any real estate situated within this state.

11. Requiring Defendant to litigate these claims in New York does not offend traditional notions of fair play and substantial justice and is permitted by the United States Constitution.

12. Upon information and belief, Defendant, United Airlines Inc. provide flights throughout North America.

13. Upon information and belief, Defendant avails itself of numerous advertising and promotional materials regarding their services intended to reach consumers in New York, including but not limited to advertisements on local New York televisions programs, advertisements on local New York radio broadcasts, advertisements on billboards in New York, and advertisements in print publications delivered to consumers in the State of New York.

14. Plaintiff's claim arises out of Defendant's negligence and subsequent injuries which occurred on October 4, 2019. The injuries being sustained in the State of New York.

15. Defendant regularly conduct or solicit business and drive substantial revenue from air transportation services conducted in, *inter alia*, the State of New York.

**FACTUAL ALLEGATIONS**

16. United Airlines, Inc. operates approximately two million flights throughout the United States.

17.     United Airlines, Inc. has its own private fleet of planes which compromises of approximately 36,000 employees with 8 hubs in the United States.

## PLAINTIFF: JOHN ARENDES

18.     On October 4, 2019, Arendes was a passenger on a United Airlines flight AU1013 from Denver airport, Denver to LaGuardia Airport, New York.

19.     The flight AU 1013 departed Denver International Airport and arrived at LaGuardia Airport, New York at approximately 12.00am.

## THE ASSAULT

20.     Plaintiff incorporates by reference all preceding paragraphs of this complaint as if fully set forth herein.

21.     At approximately 12.00 am, the Plaintiff disembarked the flight and headed to the luggage carousel. While taking the escalator to the lower floor of LaGuardia Airport, Terminal B, Plaintiff was physically assaulted by four passengers from flight AU1013.

22.     The North Shore ambulance responded and evaluated the Plaintiff's injuries.

## NEGLIGENCE

23.     Plaintiff incorporates by reference all preceding paragraphs of this Complaint as if fully set forth herein.

24.     On or about October 4, 2019, Plaintiff was a passenger on Defendant's Flight AU1013 from Denver to New York.

25.     On or about October 4, 2019 the Plaintiff was assaulted by four passengers who had travelled on Defendant's Flight AU1013.

26.     Defendant, United Airlines, Inc. was negligent in the operation, maintenance and control of their Flight AU1013, which caused Arendes to suffer severe personal injuries.

27. That the aforesaid occurrence was caused by the negligence and carelessness of the Defendant, their agents, servants and/or employees, which negligence and carelessness and recklessness consisted of the following:

In the negligent and reckless ownership, operation, control, management and maintenance of the Defendant's airline carrier; in failing to provide a safe flight despite notice thereof; in being careless and negligent in failing and omitting to take necessary and reasonable precautions to avoid the happening of the said occurrence; in carelessly, negligently and recklessly failing to remove the unruly passengers from the flight in order to avoid the said occurrence.

28. As a direct and proximate cause of the said assault, Plaintiff was caused to sustain severe bodily injuries, including, but not limited to, injuries to his face, head, back, ankle and neck which will require significant physical rehabilitation.

29. As a direct and proximate result of the physical injuries sustained by the plaintiff in the assault, he has been incapacitated from his usual activities, maybe left with disabilities that will in the future similarly incapacitate him and cause him pain and suffering, and may require medical treatment.

### UNITED'S WRECKLESS AND/OR INTENTIONAL CONDUCT

30. Plaintiff incorporates by reference all proceeding paragraphs of this complaint as if fully set forth herein.

31. United knew or should have known that the four unruly passengers being allowed to remain on the flight were a risk to other passengers.

32. Upon information and belief, United knew, or should have known, that after witnessing the aggressive behavior of their four passengers and removing them temporarily from

the flight, it was reckless and negligent to allow the four passengers to reboard the flight prior to departure.

33. Upon information and belief, United recklessly and intentionally failed to take proper measures to combat the danger posed by its unruly passengers to other passengers on the flight.

34. As a direct, substantial, and proximate result of the reckless or intentional conduct of United, as set forth above, Plaintiff suffered serious injuries and damages.

35. United's acts and/or failures to act under the circumstances of this case were outrageous in that United's conduct amounted to reckless indifference to the safety of their passengers.

36. As a result of United's gross, reckless, willful, wanton and intentional conduct it should be appropriately punished with the imposition of punitive damages.

## JURY TRIAL DEMAND

Plaintiff demand a jury trial as to all claims and issues so triable as a matter of right, pursuant to F.R.C.P.38(b)(1) and 38(c).

## PRAYER FOR RELIEF WHEREFORE

Plaintiff respectfully request that this court:

1. Award compensatory damages in favor of the Plaintiff in an amount to be determined by the finder of fact in accordance with the proof, plus interest at the legal rate until paid;

2. Award punitive damages against Defendants for their conduct in willful and wanton disregard of the rights of Plaintiff in an amount to be determined by the finder of fact in accordance with the proof, plus interest at the legal rate until paid;

3. Award Plaintiff costs and attorney's fees pursuant to 42 U.S.C. § 1988;

4. Grant Plaintiff such other relief as may be deemed just and proper; and

5. Grant Plaintiff a trial by jury when the issues are joined.

Dated: Bedford Hills, New York
June 26, 2021

Respectfully submitted,

**CUSANO SMITH PLLC**

By: *Gary Cusano*
GARY A. CUSANO (NYS Bar No.: 2264166)
483 Cherry Street
Bedford Hills, New York 10507
T: (914) 864-1400
F: (914) 613-0222
E: gac@cusanolaw.com
*Attorneys for Plaintiff: John Arendes*