```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  09/16/2022
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X

JOHN ARENDES,

                            Plaintiffs,    Docket No.: 7:21-cv-07937

   - against –

UNITED AIRLINES, INC.,

                            Defendant.
-----------------------------------------------------------------------X

## PROTECTIVE ORDER

**1.      DEFINITIONS.**

1.1. When used herein, the word "document" means all written, recorded, or graphic matter whatever, including but not limited to interrogatory answers, responses to requests for admission, documents produced in response to document requests or voluntarily, including writings, drawings, graphs, charts, maps, computer files, financial statements, deposition testimony, deposition transcripts and exhibits, trial exhibits, hearing or trial transcripts, any portion or summary of any of the foregoing, and any other papers that quote from, reflect, reveal or summarize any of the foregoing.

1.2 "Confidential Information" means all trade secret or other confidential research, development, or commercial information disclosure of which could reasonably be expected to adversely impact the party's competitive or other business position. It also encompasses contact, personal identification and all other private information related to witnesses to the subject occurrence.

1.3. When used herein, "Confidential Material" means any and all documents or other materials that contain, reflect or reveal Confidential Information. Confidential Material also includes all documents exchanged between or among parties to this litigation that have been marked "Confidential" by the producing party, regardless of whether such Material was produced prior to entry of this Order and regardless of whether it was voluntarily produced or produced pursuant to a formal discovery request. The characterization of information and materials as "confidential" by the producing party can be challenged by a motion at which the party claiming confidentiality has the burden of establishing the confidential nature of the information or material for which protection is being sought.

1.4. When used herein, the term "lawsuit" shall include the above-captioned action, and any ancillary proceedings such as those brought in connection with subpoenas to non-parties, including

without limitation, motions to compel or motions for protective orders by or in connection with subpoenas to non-parties, and any and all actions consolidated with this action.

**2.     USE OF DOCUMENTS.**

All Confidential Information and Material discovered or produced in this lawsuit shall be used by the receiving party and its attorneys solely for the prosecution and/or defense of this lawsuit and for purposes of evaluation of settlement and for settlement negotiations pertaining to this lawsuit, and not for any other purpose, including without limitation, any competitive or business purpose. Nothing contained herein shall restrict or prevent any party from disclosing or otherwise using any information or documents not obtained under this Order, in which case this Order shall not apply to such information or documents.

**3.     DESIGNATION OF CONFIDENTIAL INFORMATION AND MATERIALS.**

3.1. Standard Designation Procedure. Confidential Information and Material disclosed or discovered in this lawsuit may be designated by the disclosing party as such and thus made subject to the limitations of this Order. Except for Confidential Information disclosed during the course of a deposition, hearing, or trial in this lawsuit, Confidential Information shall be so designated in writing by the party making the designation prior to or at the time of the party's disclosure of such information. Confidential Material shall be so designated by stamping or otherwise placing on the face of the document(s) the legend "CONFIDENTIAL." If a party produces Confidential Material in an electronic format, the Confidential Material shall be so designated by stamping or otherwise placing on the face of the tangible medium the legend "CONFIDENTIAL", as well as placing a notice of the confidentiality on the content of the data or material produced, as is practical depending upon the nature of the Confidential Material as well as the medium in which it is produced. Such designations of confidential information and materials will stand unless successfully challenged by motion as discussed above.

3.2. Designation of Information Disclosed during Depositions or Hearings. Confidential Information disclosed during the course of a deposition or hearing in this lawsuit shall be so designated by advising other parties and the court reporter during the course of such deposition or hearing that the information disclosed is confidential and that the transcript, or a portion thereof, should be treated as Confidential under this Order and by instructing the court reporter to note the appropriate designation on the transcript. Further, a party may also designate a transcript, or portion thereof, as confidential by advising the other parties and the court reporter, in writing, of such designation within thirty (30) days after receipt of the transcript and instructing the court reporter to add the appropriate legend to the transcript. During such 30-day period, all deposition and hearing transcripts shall be treated as confidential under paragraph 4 herein.

3.3. Court filings. In the event that counsel for a party determines to file in or submit to the Court any Confidential Information or Material, such documents shall be filed only in a sealed envelope on which a statement substantially in the following form shall be endorsed:

**CONFIDENTIAL--Subject to Protective Order**

*John Arendes v. United Airlines, Inc.* In the United States District Court for the Southern District of New York, Docket No.: 7:21-cv-07937.

- The Clerk of the Court shall maintain such documents separate from the public records in this action as Restricted Documents pursuant to the Federal Rules of Practice in force in such Court.

- A redacted version of any court filing, deleting all Confidential Information and Material, may be filed as part of the public record in this lawsuit.

**4.     TREATMENT OF CONFIDENTIAL INFORMATION AND MATERIAL.**

The only individuals who shall be permitted to learn of Confidential Information or to view another party's or non-party's Confidential Material produced pursuant to this Order or to learn about the contents or substance of such Confidential Information and Confidential Material, other than the person or entity producing or providing such Confidential Information or Confidential Material, are:

4.1.1. Any trial, appellate, or magistrate judge of any court presiding over the lawsuit or any proceeding ancillary to the lawsuit as described in paragraph 1.4 above, any juror impaneled in the trial of this lawsuit, and any clerk, secretary, reporter, or other personnel employed by such court;

4.1.2. Outside and in-house legal counsel for the parties who are participating in the prosecution or defense of the lawsuit, and legal assistants, clerical personnel, secretaries and other regular or temporary employees or agents working under the direction of such attorneys and to whom it is necessary that Confidential Information or Confidential Material be disclosed;

4.1.3. Stenographic reporters in the lawsuit;

4.1.4. Representatives employed by each party, whom counsel shall determine reasonably have a need to have access to particular Confidential Information and/or Confidential Material solely for purposes of prosecution or defense of this lawsuit.

4.1.5. The parties' insurers.

4.1.6. Consultants or experts advising the parties' legal counsel concerning the lawsuit (and only when essential to the experts' or consultants' activities in connection therewith), including any person designated or to be designated as an expert witness in the lawsuit provided however that no such disclosure shall be made to any person employed by any competitor of the producing party, except upon order of court.

4.1.7. Other persons who have a legitimate need to know or review the Confidential Information or Confidential Material in connection with this lawsuit, provided that the original disclosing party

expressly agrees to the disclosure to such other persons in writing or the Court orders such disclosure.

4.2. Except for the persons authorized by this paragraph 4, no other employees, agents, or representatives of any party, nor any other persons or entities, shall be permitted access to any Confidential Information or Confidential Material.

4.3. All persons to whom Confidential Information and Confidential Material are disclosed or given shall maintain the confidentiality of same, subject to the terms of this Order.

4.4. In the event counsel for any party determines that any person other than those referred to in this paragraph 4 should have access to Confidential Information or Confidential Material, counsel shall confer with counsel for all other parties in an effort to resolve the matter. In the absence of agreement, any party may move the Court to allow such access.

**5.     GREATER PROTECTION AND LIMITATION OF ACCESS.**

5.1. Nothing contained in this Order shall constitute a waiver of any party's right to assert that particular Confidential Information or Material is entitled to greater protection and/or limitation of access than afforded by this Order, including an assertion that certain such information or materials should not be produced at all. However, greater protection and/or limitation of access than afforded by this Order shall not be based solely on the confidential nature of information.

5.2. In the event that counsel for any party asserts that Confidential Information or Material is entitled to such greater protection and/or limitation of access, counsel shall confer with counsel for all other parties in an effort to resolve the matter. If resolved by agreement, counsel shall submit a stipulation to the Court reflecting any terms of agreement providing any such greater protection or limitations of access than otherwise provided by this Order. In the absence of agreement, any party may move the Court for an Order further protecting, limiting or denying access.

**6.     MISCELLANEOUS.**

6.1. The fact that a document or transcript contains both Confidential Information and other non-confidential information does not affect the protected nature of the Confidential Information therein, and with regard to the procedures in this Order, the entire document shall be treated as Confidential Material, unless only portions thereof are designated, in accordance herewith.

6.2 This Order does not supersede any existing confidentiality agreement to which a party is bound, which shall continue in full force. The parties represent that if they are requested in this action to produce documentation that is covered by a confidentiality agreement with a non-party, the party in this action will provide to the requesting party a copy of the asserted confidentiality agreement, detailed contact information regarding the non-party beneficiary of the confidentiality agreement, as well as a detailed categorization of the documents claimed to be in the possession of the party and to be protected under the confidentiality agreement.

6.3. The provisions of paragraph 6.1 requiring entire documents and entire deposition transcripts to be treated as Confidential Material even when only portions thereof contain Confidential Information are intended to protect and control dissemination of the Confidential Information. Confidential portions of any such transcript or document shall be disclosed only to persons entitled to see the same pursuant to this Order. Portions of any such document or transcript which are not designated as Confidential Information pursuant to paragraph 3.1 or 3.2 may be copied or quoted in connection with the lawsuit (after redaction of any designated Confidential Information appearing on the same page) without further action being required under this Order. The parties should endeavor, however, to avoid over-designating documents or transcripts as Confidential Material to the extent possible.

6.4. After efforts by counsel to resolve the matter have not been successful after a reasonable period of time, any party shall have the right to apply to the Court, for an Order permitting further disclosure or a declassification of confidential information or confidential materials hereunder upon showing that such is reasonably needed for an adequate preparation of the movant's case, is otherwise needed to protect the interests of such party, or that the designation of confidential information and/or confidential materials was unnecessary, unjustified, or otherwise inappropriate within the contemplation of this Order, or for any other just cause. As stated above, the party claiming confidentiality has the burden in such a proceeding of establishing the confidential nature of the information or material for which protection is being sought. The party requesting disclosure or declassification shall adhere to all terms of this Order except to the extent permitted by the Court's ruling on such application.

6.5. Nothing in this Order shall constitute an admission by any party or impose a duty upon any party to produce any documents, information and materials that are not discoverable pursuant to Local Rules for reasons other than the confidentiality concerns addressed by this Order.

6.6. Upon conclusion of the lawsuit, including all appeals, all Confidential Material produced by a party (including any duplicates thereof) shall be destroyed or returned to counsel for the party which produced such Confidential Material or the Confidential Information contained therein; if a party chooses to destroy, rather than return protected documents, it shall furnish an affidavit to all parties indicating that such documents were destroyed. This is intended to include those portions of depositions and other discovery responses which contain Confidential Information.

6.7. Any non-party from whom discovery is sought in the lawsuit may invoke the protection of this Order to designate documents or other information and materials as Confidential Information or Confidential Material hereunder. In such event, the non-party agrees to be bound by the terms of this Order, and all parties agree that the non-party's Confidential Information and Confidential Material shall be treated in a manner consistent with this Order in all respects.

**SO ORDERED:**

**The Clerk of the Court is directed to terminate the motion on ECF No 33.**

Dated: __September 16__, 2022
White Plains, New York

**HON. NELSON S. ROMÁN**
**UNITED STATES DISTRICT JUDGE**